IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Randy Wayne Beatty,<br><br>            Plaintiff,<br><br>vs.<br><br>Officer Michael Roberson and<br>Anderson City Police Department,<br><br>            Defendants, | Civil Action No. 8:11-1238-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 35). The plaintiff, a detainee at the Anderson County Detention Center who is proceeding *pro se*, alleges excessive force during arrest. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

On August 26, 2011, the defendants filed a motion for summary judgment. On August 29, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On September 29, 2011, the plaintiff filed a document captioned as a "motion to dismiss summary judgment." This document is the plaintiff's opposition to the motion for summary judgment, but was docketed by the Clerk of Court as a motion to dismiss.

**FACTS PRESENTED**

This matter arises from a burglary that occurred at the Squeaky Clean Laundromat at 1407 North Main Street in Anderson, South Carolina, shortly before 5:00 a.m. on March 23, 2011. Reviewing the sworn affidavits submitted, the undersigned finds that Officer Michael Roberson and a trainee arrived on scene after being dispatched to the laundromat. Officer Roberson noticed that a window had been broken out, and he also noticed an unknown male with an orange cap crouching by the side of the building. When

Officer Roberson attempted to make contact with the individual, he fled on foot. Officer Roberson and the trainee chased the individual, who they later learned was the plaintiff (Roberson aff. ¶¶ 3-4).

The plaintiff jumped over a fence and hid in a thickly wooded area. Another Anderson City Police Officer, Christopher Getsinger, who is a K-9 officer, arrived on scene, having heard the dispatch and that a foot chase was in progress. Officer Getsinger warned the plaintiff three times that if he did not come out of the wooded area he would release the K-9 into the area. The plaintiff did not respond. Officer Getsinger released the K-9 into the wooded area. At some point, Officer Roberson saw the plaintiff's orange cap but could not make out the rest of his body. He gave the plaintiff verbal commands to come out and show his hands. The plaintiff failed to do so. According to the officers, he did not respond at all. Shortly thereafter, the K-9 engaged the plaintiff. Officers Roberson and Getsinger then went into the thicket. Officer Getsinger had the K-9 release the plaintiff and then pulled the K-9 away. According to both officers, the plaintiff still refused to place his hands behind his back. Officer Roberson then handcuffed the plaintiff and took him to a patrol car (Roberson aff. ¶¶ 4-6; Getsinger aff. ¶¶ 3-6). In his complaint, the plaintiff alleges that he was stretched out on the ground when the K-9 engaged him. He claims he did not "move around" at all until the K-9 bit him. He further claims that Officer Roberson punched him "for a few seconds" in the side of the head "for no reason" (comp. at p. 2).

The plaintiff was arrested for burglary second, possession of burglary tools, and failure to accompany. Subsequently, the plaintiff was taken to the Anmed Health Emergency Department for medical treatment by another officer. Officer Getsinger followed the plaintiff to the hospital and stayed with him until he was released. Nurses cleaned the plaintiff's wounds, and the doctor told him there was no need for stitches (Roberson aff. ¶ 6; Getsinger aff. ¶ 6).

The plaintiff's medical records from the incident reveal that he had scrapes, abrasions, and a few puncture wounds to his legs, but no lacerations requiring any repair. According to the doctor, the wounds only needed to be cleaned well. The plaintiff was

given a Tetanus shot and Vicodin for pain (def. m.s.j., ex. 3, medical records; *see also* def. m.s.j., ex. 2A, photos of wounds). The medical records contain no information of markings or reported pain to the plaintiff's head consistent with receiving a punching. The plaintiff claims that since the incident he has "muscle damage, scars, and [his] legs get numb" (comp. at p. 3).

The instant lawsuit followed. The plaintiff names as defendants Officer Roberson and the Anderson City Police Department. In addition to his excessive force claims, the plaintiff alleged that the Anderson City Police Department failed to properly train its officers and K-9 units "to professionally handle situations facing them" (amended comp. at pp. 1-2). He seeks $250,000 in damages (comp. at p. 6).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the

existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### *Anderson City Police Department*

The plaintiff claims that the Anderson City Police Department failed to properly train its officers and K-9 units "to professionally handle situations facing them" (amended comp. at pp. 1-2). The doctrine of respondeat superior is unavailable under §1983; a municipality is responsible for a violation of a constitutional right only if the entity, by its own actions, proximately caused the violation. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Official liability will attach under §1983 only if execution of an official policy or custom violates the plaintiff's constitutional rights and inflicts injury. *Gantt v. Whitaker*, 203 F.Supp.2d 503, 509 (M.D.N.C. 2002) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)). A proper analysis requires separation of two different issues when a claim under §1983 is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city was responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).

As will be discussed below, the plaintiff has failed to show that he was subjected to excessive force in violation of his Fourth Amendment rights. Furthermore, assuming he was subjected to excessive force, he has presented absolutely no evidence in support of his allegation that the Anderson City Police Department's failure to properly train its officers was the cause of such excessive force. Accordingly, this claim fails.

*Excessive Force*

Claims that law enforcement officials have used excessive force in the course of an arrest are properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Determining whether the force used to carry out a particular arrest is "unreasonable" under the Fourth Amendment requires "'balanc[ing] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

The plaintiff first alleges that the defendants used excessive force in allowing the K-9 to "attack" him (amended comp. at p. 1). The evidence before this court shows that Officer Roberson, the only officer named by the plaintiff as a defendant, is not the K-9 officer and had nothing personally to do with releasing the K-9 to locate and apprehend the plaintiff (Roberson aff. ¶¶ 4-6; Getsinger aff. ¶¶ 3-6). Accordingly, Officer Roberson is not a proper defendant with respect to the release and use of the K-9.

Furthermore, with respect to Officer Getsinger, who is not a defendant in this action, the evidence shows that the use of the K-9 was objectively reasonable. The officers had reason to believe that the plaintiff had just committed a burglary in the early morning hours. The plaintiff had demonstrated an unwillingness to surrender peacefully even after he was instructed to stop. He was hidden in a thicket of brush and trees. Officer Getsinger warned the plaintiff three times that if he did not come out of the wooded area he would release the K-9. The plaintiff's allegations do not conflict with the officers' testimony that he was hidden in the wooded area, and he did not come out when instructed to do so. As argued by the defendants, sending in a K-9 was much safer for the officers (and the plaintiff) than having an armed officer go in the thicket after the plaintiff. Based on these facts, the use of the K-9 was reasonable and necessary in order to take control of the situation and apprehend the plaintiff. As the Honorable Patrick Michael Duffy, now Senior United States District Judge, has recognized, "the use of police dogs can (1)  prevent

officers from having to resort to deadly force and (2) protect the officers from being subjected to deadly force used against them by suspects attempting to avoid arrest." *Mickle v. Ahmed*, 444 F.Supp.2d 601, 611 (D.S.C. 2006) (internal citations omitted). *See Dickerson v. City of Charleston Police Dept.*, No. 1:09-2268-RMG-SVH, 2011 WL 43621, at *2 (D.S.C. Jan. 6, 2011) (slip copy) (finding defendant officers were objectively reasonable in releasing K-9). Thus, in reviewing the record and balancing the considerations, this court concludes that the plaintiff's Fourth Amendment rights were not violated in this regard.

The plaintiff further alleges that Officer Roberson punched him "for a few seconds in the side of [his] head" (comp. at p. 1). There is absolutely no evidence lending credibility to this allegation. Officer Roberson denies the allegation. Furthermore, the plaintiff was taken to Anmed Hospital immediately after being arrested, and there is no indication of any injuries to his head in the hospital records, nor even a mention by the plaintiff to reporting medical attendants of any head pain, discomfort, or injury (def. m.s.j., ex. 3). The plaintiff claims that while he was at the hospital he told Officer Roberson twice, "You did not have to beat me, man" (comp. at p. 2). However, Officers Roberson and Getsinger testified in their affidavits that another officer transported the plaintiff to the hospital (Roberson aff. ¶ 6; Getsinger aff. ¶ 6). Officer Roberson stayed at the scene, and Officer Getsinger followed the plaintiff to the hospital and stayed with him until he was released (Roberson aff. ¶ 6; Getsinger aff. ¶ 6). Based upon the foregoing, summary judgment should be granted on the plaintiff's claims.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted (doc. 35) and the plaintiff's "motion to dismiss summary judgment" (doc. 41) be denied as moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald  
January 11, 2012                                United States Magistrate Judge  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).