IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Randy Wayne Beatty, ) | |
| ) | CA No. 8:11-1238-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Officer Michael Roberson and Anderson City ) | |
| Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Randy Wayne Beatty (Beatty) filed this complaint against the defendants, Officer Michael Roberson (Roberson) of the Anderson City Police Department and the Anderson City Police Department pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights.[1] (Dkt. No. 29.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 58.)[2] The Report recommends granting the defendants' motion for summary judgment. (Dkt. No. 35.) The court adopts the Report and grants the defendants' motion for summary judgment. (Dkt. No. 35.)

**I.**

The Report adequately sets out the facts and procedural history, and the court incorporates

---

[1]  The court notes that Beatty does not reference § 1983 in his pleadings; however, the court is liberally construing his allegations as presenting § 1983 claims.

[2]  The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

the Report here. Briefly, Roberson responded to a report of a break-in at a business in the city of Anderson in the early morning hours. Upon reaching the scene, Roberson discovered a man crouching near the building, later determined to be Beatty, who fled into a thick, wooded area. Another officer, Christopher Getsinger (Getsinger), who is not a defendant in this case, responded to the scene with his K-9 police dog. According to Getsinger and Roberson, Getsinger warned Beatty several times to come out of the woods, eventually releasing his K-9 to subdue Beatty. Beatty alleges that he had already surrendered when the K-9 was released. Beatty also alleges that Roberson punched him in the head after he was in custody. Beatty was taken to a local hospital, and was treated for wounds consistent with K-9 engagement, but he did not show any signs of being punched in the head.

Beatty then filed this lawsuit, alleging excessive force on the part of Roberson and failure to properly train its officers on the part of the Anderson City Police Department. The defendants subsequently moved for summary judgment. In the Report, the magistrate judge recommended granting this motion. First, the magistrate judge noted that Beatty had failed to demonstrate that any rights were violated by Roberson. Additionally, the magistrate judge noted that the police department's liability depended upon finding a constitutional violation by one of its officers, and without a violation, the police department could not be liable under § 1983.[3]

Drayton timely filed objections to the Report. (Dkt. No. 61.) In his objections, Beatty reiterated his version of the facts. He repeated his allegations against Getsinger regarding the release of the K-9, and he repeated his allegations against Roberson as to being punched in the head. The court construes his statements as sufficiently responding to the Report to constitute specific objections. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating that in the absence

---

[3] While the magistrate judge noted that Getsinger is not a defendant, the magistrate judge did nonetheless determine that Getsinger committed no constitutional violations.

of specific objection, this court is not required to provide an explanation for adopting the recommendation).

## II.
### A.

Under the Federal Rules of Civil Procedure, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether a genuine issue has been raised the court must construe all references and ambiguities against the movant and in favor of the nonmoving party. *United States v. Diebold*, 369 U.S. 654, 655 (1962).

Once the movant has met the threshold burden of demonstrating that there are no genuine issues of material fact, in order to survive a summary judgment motion, the nonmoving party must demonstrate specific, material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986). Conclusory allegations or denials, or a mere scintilla of evidence, are insufficient to defend a summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985); *Anderson*, 477 U.S. at 248, 252.

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this

constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

> The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (internal quotation marks and citations omitted).

**B.**

Turning now to Beatty's objections, the court notes at the outset that Getsinger, the only officer relevant to the K-9's release, was not named as a defendant in this case. As such, these allegations are not properly before the court.

As to the allegations that Roberson punched Beatty in the head, the court grants summary judgment. In analyzing an excessive force claim under the Fourth Amendment, the court must use an objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Determining whether the force used is unreasonable under the Fourth Amendment requires balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

As stated above, on a motion for summary judgment, the nonmoving party must make a showing that a genuine issue of material fact exists. Beatty has failed to meet this burden. No evidence exists in the record to support his allegations. No medical evidence exists in the detailed hospital records showing that Beatty suffered any sort of head injury or that he was treated for any

head injury. (Dkt. No. 35-7.) Furthermore, the detailed hospital records indicate that Beatty did not complain of any head injuries at the time he was treated. Accordingly, the court grants the motion for summary judgment as to Beatty's claims against Roberson.

## C.

In light of the above findings, the court also grants the motion for summary judgment as to the Anderson City Police Department.

Since there are no underlying violations by Roberson,[4] there can be no liability imposed upon the police department. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 724 (4th Cir.1991) (holding a claim of inadequate training under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised); *see also Miqui v. City of New York*, No. 01-CV-4628, 2003 WL 22937690, at *5 (E.D.N.Y. Dec. 5, 2003) ("Because [auxiliary city police officer] did not act under color of law, the City . . . cannot be held responsible for his private acts").

Moreover, even if there was an underlying constitutional violation committed by Roberson, it is well-established that there is no respondeat superior liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S, 658, 691 (1978). In the Fourth Circuit, "the principle is firmly entrenched that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). It is "only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983.'" *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (*quoting Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)). In *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999), the Fourth Circuit identified four possible

---
[4] The court notes that there can be no liability for the police department arising from any alleged actions by Getsinger, since he was not named as a party.

sources of official policy or custom giving rise to municipal liability: 1) written ordinances and regulations; 2) affirmative decisions of individual policymaking officials; 3) omissions by policymaking officials that manifest deliberate indifference to the rights of the citizens; or (4) a practice so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law. (quotation marks and citations omitted). Municipalities may also be held liable for failing to "train, supervise, or discipline" their employees so as to prevent them from unlawfully depriving citizens of their constitutional rights. *City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985).

Here, Beatty has submitted no evidence that the Anderson City Police Department's policy or custom led to the actions subject to his allegations. Unsupported allegations such as these fail. *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 875 (4th Cir. 1989) (affirming dismissal of § 1983 claim alleging inadequate training by municipality because there were no supporting facts); *Allen v. City of Fredericksburg*, No. 3:09CV63, 2011 WL 782039, at *8 (E.D.Va. Feb. 22, 2011) (unpublished) (finding complaint insufficient to state cause of action against city or its police department as it was lacking facts to support plaintiff's conclusory failure to train claim). Accordingly, Beatty has not demonstrated a genuine issue of material fact, and the court grants the motion for summary judgment as to the Anderson City Police Department.

### III.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 58.) It is therefore **ORDERED** that the motion for summary judgment (Dkt. No. 35) is **GRANTED**.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              Timothy M. Cain

United States District Judge

Greenville, South Carolina
February 17, 2012

## NOTICE OF RIGHT TO APPEAL

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.